**UNITED STATES of America,**
**Appellee,**

v.

**Andrew LANG, Defendant–Appellant.**

**No. 05–6099–cr.**

United States Court of Appeals,
Second Circuit.

March 22, 2007.

Mark J. Stein, Simpson Thatcher & Bartlett, LLP, New York, NY, for Defendant–Appellant.

Harry Sandick, Assistant United States Attorney (Joshua A. Goldberg, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. WILLIAM K. SESSIONS III, District

Judge.*

## SUMMARY ORDER

Defendant Andrew Lang appeals from a judgment of conviction entered on November 1, 2005 following a jury trial in the Southern District of New York. Lang was indicted on four counts: (1) conspiracy to distribute and to possess with intent to distribute 50 grams or more of crack cocaine and five kilograms or more of mixtures containing detectable amounts of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A); (2) participating in the intentional killing of Jesus Fornes while engaged in the narcotics conspiracy charged in Count One in violation of 21 U.S.C. § 848(e)(1)(A); (3) knowingly possessing a firearm, which was discharged and used to murder Fornes, during the narcotics conspiracy charged in Count One and the murder charged in Count Two; and (4) participating in the intentional killing of Orlando Curet while engaged in the narcotics conspiracy charged in Count One in violation of 21 U.S.C. § 848(e)(1)(A). After an eleven-day trial, the jury convicted the defendant of Counts One, Two, and Three and acquitted him on Count Four.

On appeal, Lang raises five challenges to his conviction. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

■ First, Lang contends there was insufficient evidence that he participated in the killing of Fornes while engaged in the charged cocaine conspiracy to convict him of Count Two. The crux of Lang's argument is that the killing of Fornes, a heroin dealer, arose out of a dispute over heroin sales between Fornes and the members of the drug organization run by Anthony Ramirez, which, for a period, sold heroin out of the same location (1315 Lafayette Avenue in the Bronx) where Lang's organization sold cocaine. This contention suggests that there was a stark divide between the Lang and Ramirez organizations and between cocaine and heroin sales at 1315 Lafayette Avenue. But the government presented evidence of how the cocaine and heroin operations at 1315 Lafayette Avenue were significantly intertwined.

In light of this evidence, it is certainly a reasonable inference that Lang's extensive involvement in the Fornes killing was motivated by defendant's view that Fornes's threats to certain dealers based out of 1315 Lafayette Avenue who sold primarily heroin posed a danger to the continuing success of all drugs sales occurring at that building and the surrounding vicinity, and, as such, he participated in the Fornes murder in order to protect both the heroin and the cocaine sales at that location. Although another inference—that Lang took part in the Fornes murder only as a result of his involvement in an uncharged heroin conspiracy and that his participation was entirely unrelated to his organization's cocaine sales—is also permissible, the existence of competing possible inferences, one which supports conviction and another which does not, is not enough to demonstrate that the jury's decision on Count Two was not supported by sufficient evidence. *See United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000); *United States v. Naiman*, 211 F.3d 40, 46 (2d Cir.2000).

■ Second, Lang argues that the district court erred in denying his request for

* The Honorable William K. Sessions III, United States District Court Judge for the District of Vermont, sitting by designation.

a jury instruction on multiple conspiracies. In challenging a conviction on the basis of a district court's failure to give a requested instruction, "appellant has the burden of showing that the requested charge accurately represented the law in every respect." *United States v. Dove*, 916 F.2d 41, 45 (2d Cir.1990) (emphasis added; internal quotation marks omitted); *see also United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir.2005). The appellant must also show that the proposed instruction represented a theory of defense with a basis in the record that would lead to acquittal and that the defense theory was not effectively presented elsewhere in the charge. *See United States v. Allen*, 127 F.3d 260, 265 (2d Cir.1997). The instruction requested by Lang was not legally correct in every respect. Moreover, although the district court did not give an express multiple conspiracies instruction, its charge, taken as a whole, did effectively present the defense theory—that the jury must acquit on the conspiracy count unless it found the defendant was a member of the precise conspiracy charged and that it must acquit on the murder counts unless the jury found that Lang participated in each of the killings while engaged in the charged cocaine conspiracy. Accordingly, the district court's failure to give the requested instruction does not provide a ground for vacating the conviction.

■ Third, Lang contends that the district court committed reversible error by allowing the joinder of Count Four with the remaining counts under Federal Rule of Criminal Procedure 8(a) and by not severing Count Four pursuant to Federal Rule of Criminal Procedure 14(a). As the district court correctly noted, however, even if Count Four had been litigated in a separate trial, the government still would have been able to introduce evidence relating to the murder charged in that count in the trial on the remaining counts as an overt act committed in furtherance of the conspiracy charged in Count One. Therefore, regardless of whether Counts Two and Four were tried separately, the jury would have been exposed to that evidence as it considered Count Two—the joinder of which to Count One was never challenged. Accordingly, to the extent that the district court may have erred by allowing the joinder of the counts under Rule 8(a) or by denying severance under Rule 14(a), those errors did not prejudice the defendant and, thus, were harmless. *See United States v. Ajlouny*, 629 F.2d 830, 843 (2d Cir.1980).

■ Fourth, Lang asserts that the district judge's questioning of a juror outside of the presence of the defendant—but with defense counsel present—when that juror expressed fears about serving on the jury provides a basis for vacating the conviction. We disagree. Assuming arguendo that the defendant had a constitutional right to be present at the questioning of the juror in these circumstances and that he did not waive this right, the district judge's questioning of the juror outside of Lang's presence constituted harmless error. *See Sanchez v. Duncan*, 282 F.3d 78 (2d Cir.2002); *United States v. Feliciano*, 223 F.3d 102 (2d Cir.2000).

■ Finally, Lang argues that the district court abused its discretion in permitting the juror who was questioned outside of the defendant's presence to remain on the panel as the district judge "failed to ask the juror—let alone confirm—during the voir dire the juror's ability to remain impartial." As the defendant did not object below to the decision to retain the juror, the district court's actions with respect to the juror are reviewed for plain

error. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Torrellas,* 455 F.3d 96, 103 (2d Cir.2006). To satisfy the plain-error standard, the defendant must demonstrate that: (1) there was error; (2) the error was plain; and (3) the error prejudicially affected his substantial rights. *Id.* This court has explained that, in the context of plain error review, "plain" means "clear or obvious under current law." *United States v. Gonzalez,* 110 F.3d 936, 945–46 (2d Cir.1997)

■ In asserting that the district court's treatment of the juror at issue was erroneous, Lang relies principally on *United States v. Nelson,* 277 F.3d 164 (2d Cir. 2002). Given the significant differences between the juror comments here and those in Nelson, it cannot be said that, in the circumstances presented in this case, it was clear and obvious that the district court was required to receive more explicit assurances from the juror than it did. Accordingly, even assuming arguendo that the district court erred by allowing the disputed juror to remain on the jury, that error was not plain and, as such, does not provide a ground for vacating Lang's conviction.

The judgment of the district court is therefore **AFFIRMED.**